UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

VALERIE HOPE

        Plaintiff,

v.                        **REPORT AND RECOMMENDATION**
                                      **08-CV-978 (TJM)**

MICHAEL ASTURE
COMMISSIONER OF SOCIAL SECURITY,

        Defendant,

## I.    Introduction

Plaintiff alleges that the Administrative Law Judge ("ALJ") erred in failing to reopen her previous applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] The Commissioner concedes that the ALJ's decision was insufficient and therefore agrees that the case should be remanded for further analysis. However, even though the Commissioner is willing to stipulate that the case be remanded for further consideration, the District Court may only adjudicate the controversy if it is possessed of the proper jurisdiction. Because the Court sees the primary issue as one of jurisdiction, as discussed below the Court determines that it has jurisdiction and recommends that the case be remanded to the Commissioner for further consideration.

## II.    Background

Plaintiff originally applied for SSI on February 1, 1987, alleging an onset date of

---

[1] This case was referred to the undersigned for Report and Recommendation, by the Honorable Norman A. Mordue, pursuant 28 U.S.C. § 636(b)(1)(B), by an Order dated February 5, 2010.

April 11, 1980 (R. at 17).² Plaintiff's application was initially denied on June 17, 1987. Id. Plaintiff applied for DIB on April 1, 1988, again alleging April 11, 1980, as her onset date. Id. Plaintiff failed to appeal either denial.

Plaintiff filed a second application for DIB on January 26, 2004, which was again denied (R. at 17). Plaintiff alleged disability due to right foot, right ankle, and mental impairments. Plaintiff appealed her disability denial. ALJ Gibbons, without holding a hearing, considered the case *de novo* and issued a favorable decision finding Plaintiff disabled as of April 11, 1980 (R. at 17-23). However, ALJ Gibbons denied Plaintiff's request to have her prior applications reopened (R. at 22). The Social Security Administration ("SSA") subsequently determined that Plaintiff was entitled to benefits as of January 2003 (R. at 26). Plaintiff requested reconsideration of the initial month of payment. Id. The SSA affirmed the onset of payments as January 2003 (R. at 26-28). Plaintiff requested a hearing (R. at 29). Plaintiff appeared *pro se* at the September 26, 2007 hearing (R. at 96-191). ALJ Friedman found that "[t]he decision of the prior Administrative Law Judge stands" (R. at 12). ALJ Friedman further found no basis for reopening either Plaintiff's 1987 or 1988 applications. Id. The Appeals Council denied Plaintiff's request for review on July 9, 2008 (R. at 3-5). Plaintiff filed this action on September 15, 2008.

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings.³

---

² Citations to the underlying administrative record are designated as "R."
³ Although no motion for judgment on the pleadings was filed, the moving party was excused from such filing under General Order No. 18, which states in part: "The Magistrate Judge will treat the proceeding as

2

### III.     Discussion

#### A.     Legal Standard and Scope of Review

"[T]he denial of a request to invoke regulatory authority to reopen a final determination is not a decision to which section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1994), provides district court jurisdiction." Stieberger v. Apfel, 134 F.3d 37, 39 (2d Cir. 1997) (citing Califano v. Sanders, 430 U.S. 99, 108 (1977)). However, "federal courts may review the Commissioner's decision not to reopen a disability application in two circumstances: where the Commissioner has constructively reopened the case and where the claimant has been denied due process." Byam v. Barnhart, 336 F.3d 172, 180 (2d Cir. 2003).

If jurisdiction exists, the Court may issue "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g) (sentence four). Here, Defendant concedes that ALJ Friedman's analysis, in denying Plaintiff's request to reopen her prior applications, was insufficient and the law improperly applied. Defendant's Brief, pp. 5-11. Thus, the issue before the Court is whether it has jurisdiction, and as stated above, determines that it does.

#### B.     Analysis

##### 1.  The Commissioner's Decision

ALJ Friedman issued a decision on November 26, 2007, considering Plaintiff's request to reopen her 1987 and 1988 applications (R. at 11-13). ALJ Friedman found that "[t]he decision of the prior Administrative Law Judge stands: that [Plaintiff] has been

---

if both parties had accompanied their briefs with a motion for judgment on the pleadings . . . ." General Order No. 18. (N.D.N.Y. Sept. 12, 2003).

disabled since April 11, 1980, and entitled to retroactive Disability Insurance Benefits going back to January 2003" (R. at 12). ALJ Friedman also found "no basis for reopening [Plaintiff's] 1987 or 1988 applications." Id.

Plaintiff had previously been found disabled by ALJ Gibbons on October 1, 2004 (R. at 17-23). ALJ Gibbons found that Plaintiff was disabled, as of April 11, 1980, due to her "neurocirculatory dystrophy right foot and ankle and affective[4] disorder" (R. at 17-23).

### 2. Plaintiff's Claims:

Plaintiff is *pro se* and argues generally that the ALJ erred in failing to reopen her prior applications. The Court will construe Plaintiff's arguments liberally, as is required with *pro se* plaintiffs. See, e.g., Ajlani v. Chertoff, 545 F.3d 229, 235 (2d Cir.2008). Defendant concedes that ALJ Friedman failed to properly articulate his findings and failed to properly apply the law in forming his decision. Defendant's Brief, pp. 5-11. Thus, Defendant requests that the Court remand the case for further administrative proceedings. Id. at 11. However, before the merits of Plaintiff's argument can be reached, the Court must first determine whether jurisdiction exists over the current subject matter.

### a) Plaintiff has Raised a Colorable Constitutional Claim Sufficient to Establish Jurisdiction

Because Plaintiff has been found disabled, the only argument before the Court is whether ALJ Friedman's finding to not reopen her prior applications was proper. Defendant concedes that ALJ Friedman's analysis was insufficient. Defendant's Brief,

---

[4] "Pertaining to mood, emotion, feeling, sensibility, or a mental state." Stedmans Medical Dictionary (27th ed. 2000), *available at* STEDMANS 9380 (Westlaw) (hereinafter Stedmans).

pp. 5-11. However, Defendant did not articulate the jurisdictional basis for the Court's review of ALJ Friedman's decision.[5] Plaintiff appears to raise a constitutional due process jurisdictional claim arguing that she was mentally incapacitated from pursuing her appeals. Plaintiff's Brief, p. 14.

"As a general rule, federal courts lack jurisdiction to review an administrative decision not to reopen a previous claim for benefits." Byam, 336 F.3d at 178 (citing Califano, 430 U.S. at 107-09) (explaining that a decision to not reopen a case is not 'final decision' as required for judicial review under Section 405(g) of the Social Security Act). The Second Circuit has explained that nonetheless, "federal courts may review the Commissioner's decision not to reopen a disability application in two circumstances: where the Commissioner has constructively reopened the case and where the claimant has been denied due process." Id. at 180. For the reasons set forth below, the Court finds that Plaintiff has raised a colorable constitutional due process claim; specifically, that she was mental incapacitated from pursuing her appeals. Therefore the Court concludes that it has jurisdiction to determine whether the ALJ Friedman's decision denying the reopening of Plaintiff's prior applications was proper.

An individual "suffering from mental illness raises a colorable constitutional claim when he asserts that his mental illness precluded him from litigating his claim because it prevented him from proceeding from one administrative level to another." Byam, 336 F.3d at 182 (citations and quotations omitted). However, in order to invoke jurisdiction, based on a due process claim of mental incapacity, a plaintiff must show "a

---

[5] By arguing remand, Defendant's Brief could be read to consent to jurisdiction by this Court. However, "the Secretary cannot, by consent or otherwise, create subject matter jurisdiction to review a decision that is not a "final decision made after a hearing" within the meaning of section 205(g)." Latona v. Schweiker, 707 F.2d 79, 81 (2d Cir. 1983).

particularized allegation of mental impairment plausibly of sufficient severity to impair comprehension. A claim of constitutionally defective notice, . . . cannot invoke federal court jurisdiction merely upon a generalized allegation, . . . that the claimant was too confused to understand available administrative remedies." Stieberger, 134 F.3d at 40-41.

A colorable constitutional claim cannot be established merely through an individual's allegations of a mental impairment. See Klemm v. Astrue, 543 F.3d 1139, 1145 (9th Cir. 2008) (finding the district court lacked jurisdiction because plaintiff's "allegation of [a] mental impairment [wa]s completely unsupported by facts"); Nelson v. Sec'y of Health & Human Servs., 927 F.2d 1109, 1111 (10th Cir. 1991) (finding the district court lacked jurisdiction because plaintiff's "unsupported allegation that he might have been suffering from a mental impairment when he submitted his first application for benefits [wa]s insufficient to create a colorable constitutional claim"). Instead, individuals must furnish evidence establishing a mental impairment for the time period surrounding the applications they wish to reopen. See Byam, 336 F.3d at 183 (evidence of a claimant's "long history of depression, suicidal ideation with specific suicide attempts, and numerous evaluations around the dates of her SSI applications documenting specific mental disorders and cognitive, social, and emotional impairments. . . . [wa]s sufficiently particularized and severe to meet *Stieberger*'s threshold allegation requirement").

The current record before the Court does not contain direct medical evidence of Plaintiff's mental impairments during the time period surrounding her 1987 and 1988 applications. However, in finding Plaintiff disabled, ALJ Gibbons cited medical evidence

circumstantially supporting Plaintiff's contention that she experienced a mental impairment during the time period surrounding her original 1987 and 1988 applications (R. at 18-20). Indeed, ALJ Gibbons found Plaintiff disabled as of April 11, 1980, in part due to her severe affective disorder (R. at 22-23). ALJ Gibbons noted that the opinion from "Dr. Elpern in 1984 that there was a 'large psychogenic[6] component' to [Plaintiff's] pain support[ed] [the] finding that [Plaintiff] had additional mental impairments prior to the expiration of her insured status [on April 11, 1990]. Dr. Osika ha[d] also stated that the claimant ha[d] a history of severe depression since the 1980s. [Plaintiff] herself in her statement report[ed] that she was very depressed after the accident and became despondent when she was denied disability retirement" (R. at 20).

ALJ Gibbons further elaborated on Plaintiff's March 17, 2004, examination with SSA consultative psychologist, Dr. Thomas Osika (R. at 19). According to ALJ Gibbons, Dr. Osika noted "'somewhat erratic behavior.' She cried on many occasions in the waiting room before the appointment and throughout the interview and testing. In addition to being tearful [Plaintiff] would often laugh almost uncontrollably at times where it seemed inappropriate." Id. ALJ Gibbons also noted Dr. Osika's finding of a GAF score of 45.[7]

Furthermore, the Court finds that that Plaintiff's allegations are sufficiently particularized. The Second Circuit in *Byam* found that the plaintiff had "easily" met "*Stieberger*'s requirement of a 'particularized allegation of mental impairment plausibly

---

[6] "Of mental origin or causation." Stedmans, *available at* STEDMANS 340320 (Westlaw).
[7] A GAF scale score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Diagnostic and Statistical Manual of Mental Disorders Fourth Edition Text Revision, 34 (4th ed. 2000).

of sufficient severity to impair comprehension'" because of her "long history of depression, suicidal ideation with specific suicide attempts, and numerous evaluations around the dates of her SSI applications documenting specific mental disorders and cognitive, social, and emotional impairments." Byam, 336 F.3d at 183 (quoting Stieberger, 134 F.3d at 40-41). Here, as previously stated, ALJ Gibbons found evidence dating back to 1984 of a mental impairment (R. at 18, 20). ALJ Gibbons therefore found that Plaintiff "had additional mental impairments prior to the expiration of her insured status," on December 31, 1990 (R. at 17, 20). Thus, the Court finds that the evidence of Plaintiff's mental impairments "[wa]s sufficiently particularized and severe to meet *Stieberger*'s threshold allegation requirement." Id.

Because Plaintiff's allegations of a mental impairment are supported, the Court finds that Plaintiff raised a colorable constitutional due process claim sufficient to establish jurisdiction. Plaintiff's Brief, if construed liberally, could be read to argue various other due process claims. However, because I find that jurisdiction exists based on her mental incapacity allegation, the Court need not reach whether jurisdiction also exists based on her other claims or whether the Commissioner has constructively reopened her case.

### b) Remand for Calculation of Benefits is Not Appropriate

Plaintiff argues that ALJ Friedman erred in failing to reopen her prior applications. Plaintiff's Brief, p. 21. Plaintiff further contends that the case should be remanded solely for calculation of retroactive benefits. Id. Defendant concedes that the ALJ Friedman's analysis was insufficient and unclear as to whether he applied the correct law, but

argues that the case be remanded for further development instead of calculation of benefits. Defendant's Brief, pp. 9-10.

Under the Act, a court "shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (fourth sentence). "Where there are gaps in the administrative record or the ALJ has applied an improper legal standard," the Second Circuit has indicated that remand "for further development of the evidence" is proper. Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999) (internal citations omitted). "In other situations, where [the] Court has had no apparent basis to conclude that a more complete record might support the Commissioner's decision, [the Court has] opted simply to remand for a calculation of benefits." Id. at 83. Thus, the Second Circuit has reversed and "ordered that benefits be paid when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980).

The Court agrees with Defendant that ALJ Friedman failed to set forth his findings with sufficient specificity to enable proper review by this Court (R. at 11-12). See SEC v. Chenery Corp., 332 U.S. 194, 196-97 (1947) ("If the administrative action is to be tested by the basis upon which it purports to rest, that basis must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action[.]").

Therefore, the Court will not recommend remand for calculation of retroactive benefits. Instead, the Court recommends remand to allow the ALJ an opportunity to reassess whether to reopen Plaintiff's prior applications.

## IV.  Conclusion

The Court finds Plaintiff has raised a colorable due process claim sufficient to establish jurisdiction. Defendant has conceded that ALJ Friedman's analysis of whether to reopen Plaintiff's prior applications was insufficient. It is therefore recommended that the Commissioner's decision denying Plaintiff's request to reopen her prior applications be REMANDED for further proceedings in accordance with this recommendation and pursuant to sentence four of 42 U.S.C. Section 405(g).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge


DATED:     Syracuse, New York
           April 15, 2010

**ORDER**

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby


**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.


**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

Victor E. Bianchini
United States Magistrate Judge

DATED:    Syracuse, New York
          April 15, 2010